UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────

JONATHAN BRYANT,

                              Petitioner,

  -v-                                                         9:02-CV-1271
                                                            (J. Kahn)

EDWARD R. DONNELLY,

                              Respondent.

───────────────────────────────────────────

APPEARANCES                          OF COUNSEL

GREGORY G. MCPHEE, ESQ.
Attorney for Petitioner
4926 Tanglewood Lane
Manlius, New York 13104-1316

ELLIOT SPITZER                  STEVEN H. SCHWARTZ
Attorney General of the         Asst. Attorney General
State of New York

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

On June 18, 1986, after a jury trial in Washington County Court, petitioner Jonathan Bryant was convicted of attempted murder in the second degree, assault in the first degree, and promoting prison contraband in the first degree. Petitioner was sentenced as a second felony offender to indeterminate terms of twelve and a half to twenty-five years, seven and a half to fifteen years, and three and a half to seven

years. The sentences were to be served concurrently to each other, but consecutive to a term that petitioner was serving at the time of the present crimes.[1]

This is *not* petitioner's first petition for writ of habeas corpus in this court. Petitioner first challenged the lawfulness of these convictions pursuant to 28 U.S.C. § 2254 on February 9, 1998. *See Bryant v. Irvin*, ("*Bryant I*"), No. 6:98-CV-0205 (FJS/RWS). Petitioner asserted two grounds for relief: (1) Ineffective assistance of trial counsel because trial counsel failed, among other things, to file a motion to dismiss the indictment pursuant to New York Criminal Procedure Law ("CPL") Section 30.30 based on petitioner's right to a speedy trial; (2) Ineffective assistance of appellate counsel for failure to raise on direct appeal violations of petitioner's rights under *People v. Rosario*, 9 N.Y.2d 286, 213 N.Y.S.2d 448 (1961) and trial counsel's failure to move to dismiss under CPL § 30.30. This petition was dismissed as ***untimely*** on January 20, 1999 by order of then-Chief United States District Judge Frederick J. Scullin, Jr. *See Bryant I*, Dkt. No. 13 (approving and adopting Report-Recommendation of Magistrate Judge Ralph W. Smith, Jr.).

Petitioner now challenges the lawfulness of these convictions by filing this second petition pursuant to 28 U.S.C. § 2254. This petition, with accompanying memorandum of law, was filed on October 4, 2002. (Dkt. No. 1). United States District Judge Lawrence E. Kahn ordered petitioner to file an amended petition enumerating his grounds for relief. (Dkt. No. 3). On November 15, 2002, petitioner

---

[1] The present crimes occurred while petitioner was incarcerated for a prior unrelated crime. Thus, these new sentences were made consecutive to the sentence that petitioner was already serving when he committed the crimes that form the basis for this petition.

2

filed an amended petition raising the *same grounds for relief as in Bryant I*:

1. Ineffective assistance of trial counsel because trial counsel failed to move to dismiss the indictment pursuant to N.Y. CPL Section 30.30;

2. Ineffective assistance of appellate counsel for failure to raise on direct appeal *Rosario* violations and trial counsel's failure to move to dismiss under CPL § 30.30.

(Dkt. No. 4 ("Amended Pet.") at ¶¶ 6-8). Petitioner also contends that the illness of his attorney created extraordinary circumstances that prevented the timely filing of his *first petition*; as such, equitable tolling should apply, and the court should find that the current petition is timely. (Amended Pet. at ¶¶ 2-5). Petitioner further states that while this petition is "numerically" second to *Bryant I*, it is not a successive petition. (Amended Pet. at ¶ 2).

Respondent filed his answer and memorandum of law, together with the pertinent state court records.[2] Respondent's primary argument is that petitioner's present application for a writ of habeas corpus should be dismissed as a second or successive petition under 28 U.S.C. § 2244(a) and (b). (Dkt. No. 10 ("Resp. Mem.") at pp. 5-8).

For the following reasons, the Court recommends that the petition be denied and dismissed.[3]

---

[2] The submitted state court records are listed on pages 2-3 of respondent's answer. (Dkt. No. 9).

[3] The court notes that petitioner moved for appointment of counsel and for leave to proceed in forma pauperis. On November 9, 2006, I denied petitioner's motion. (Dkt. No. 19).

## DISCUSSION

1. **Facts and Procedural History**

Petitioner's convictions resulted from the stabbing of a fellow inmate at Great Meadow Correctional Facility. Trial Transcript ("T") at 75-78. At the time of the incident, petitioner was already serving a sentence for robbery. (T. at 358).

The Appellate Division, Third Department affirmed petitioner's convictions on February 15, 1990, and the New York Court of Appeals denied leave to appeal on June 25, ***1990***. *People v. Bryant*, 158 A.D.2d 808, 551 N.Y.S.2d 612 (3d Dept. 1990), *lv. denied*, 76 N.Y.2d 785, 559 N.E.2d 684 (1990). On November 18, ***1996***, petitioner sought a writ of error coram nobis from the Appellate Division, Third Department alleging ineffective assistance of appellate counsel, based upon counsel's failure to raise on direct appeal (1) the denial of petitioner's rights under *Rosario* and (2) trial counsel's failure to move to dismiss the indictment pursuant to CPL § 30.30. On March 5, 1997, the Appellate Division denied the writ.

On February 9, 1998, petitioner filed his first application for habeas corpus relief in this court pursuant to 28 U.S.C. § 2254. *Bryant I*, 6:98-CV-205 (Dkt. No. 1). On January 20, 1999, Judge Scullin dismissed *Bryant I* as time-barred under the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Bryant I*, Dkt. No. 13 at pp. 3-5 (citing 28 U.S.C. § 2244(d)(1)-(2)).[4] In addition, Judge Scullin issued an order denying petitioner's

---

[4] The AEDPA, effective April 24, 1996, created a one-year statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d)(1). The statute provides that the one-year period may commence from the conclusion of direct review by the state courts as well as three other dates, not

request for a certificate of appealability.  *See Bryant I*, Dkt. No. 20.  The Second Circuit also denied petitioner's motion for a certificate of appealability and dismissed petitioner's appeal, affirming Judge Scullin's finding that the habeas petition was untimely.  *See Bryant I*, Dkt. No. 23.  On May 15, 2000, the United States Supreme Court denied petitioner's request for writ of certiorari.  *Bryant v. Irvin*, 529 U.S. 1120 (2000).

***Three years after the dismissal of Bryant I***, petitioner filed this petition pursuant to 28 U.S.C. § 2254 based on the ***same*** convictions and ***identical grounds*** as those adjudicated in *Bryant I*.  (Dkt. No. 1).  Specifically, petitioner alleges ineffective assistance of trial and appellate counsel as his grounds for relief.  In addition, petitioner contends that this petition is timely because he is entitled to equitable tolling due to extraordinary circumstances, that is, the illness of his attorney, which prevented the timely filing of his ***first*** petition.  (Amended Pet. at

---

relevant to this case.  28 U.S.C. § 2244(d)(1)(A)-(D).  However, for state court direct reviews completed ***prior to the enactment*** of the AEDPA, the Second Circuit afforded petitioners a grace period of one full year from the effective date of the AEDPA in which to file a § 2554 petition. *Rosa v. Senkowski*, 148 F.3d 134, 135-36 (2d Cir. 1998); *Ross v. Artuz*, 150 F.3d 97, 102 (2d Cir. 1998).  The statute also provides that the time during which a petitioner seeks state court post-conviction collateral review is not counted toward the one-year statute of limitations.  28 U.S.C. § 2244(d)(2).

       In *Bryant I*, Judge Scullin applied these statutory provisions and determined that the statute of limitations began to run on April 24, 1996 because his petition was based on pre-AEDPA final convictions, but was filed after the enactment of the AEDPA.  *Bryant I*, Dkt. No. 13 at p. 3.  The statute of limitations stopped running on November 18, 1996, the day petitioner filed his application for writ of error coram nobis in the Appellate Division.  The statute began running again on March 5, 1997, the day the writ of error coram nobis was denied.  *Bryant I*, Dkt. No. 13 at p. 3.  Judge Scullin found that since the petition was not filed until February 9, 1998, it was time-barred by six months.  *Bryant I*, Dkt. No. 13 at p. 3.

5

¶¶ 2-5).[5]

Respondent filed his memorandum of law on March 6, 2003 (Dkt. No. 10). In that memorandum, respondent argued that petitioner's application should be dismissed as second or successive. (Dkt. Nos. 9-10; Resp. Mem. at pp. 5-8). Specifically, respondent asserted that the AEDPA required petitioner to seek authorization from the Court of Appeals for the Second Circuit before filing a second or successive habeas petition. (Resp. Mem. at p. 6). Respondent claimed that petitioner failed make the appropriate motion in the Second Circuit prior to filing the this petition. Resp. Mem. at p. 6.

On November 18, 2003, ***after respondent filed his memorandum of law***, petitioner submitted an application to the Second Circuit for leave to file a second habeas petition.[6] *Bryant v. Irvin*, ("*Bryant Appeal*"), No. 03-3605 (2d Cir.) at Dkt. No. 5.[7] In his Second Circuit application, petitioner contended he was entitled to file

---

[5] In the memorandum of law in support of his petition, petitioner also argues that because he did not discover that his attorney had failed to file his first habeas petition until January 1998, the one-year statute of limitations imposed by the AEDPA should begin to run from that date. (Dkt. No. 2 ("Petitioner's Mem.") at pp. 6-8)(citing 28 U.S.C. § 2244(d)(1)(D)). Petitioner claims his discovery of the unfiled petition was a new "factual predicate" uncovered through his "due diligence" which reset the beginning of the statute of limitations to the date of that discovery. Petitioner's Mem. at pp. 3-8 (quoting 28 U.S.C. § 2244(d)(1)(D)).

Although petitioner submitted an amended petition in accordance with Judge Kahn's order (Dkt. No. 3), petitioner failed to submit an amended memorandum of law. Accordingly, petitioner's argument regarding 28 U.S.C. § 2244(d)(1)(D) only appears in the memorandum of law accompanying his petition and is not included in his amended petition.

[6] Respondent's memorandum may have alerted petitioner to the necessity of filing an application to the Second Circuit.

[7] For ease of reference, this court has consecutively numbered the entries appearing on the Second Circuit docket relevant to this matter.

6

a second or successive petition to allege grounds of ineffective assistance of counsel and equitable tolling. *Bryant Appeal*, Dkt. No. 5 at pp. 5-6. In support of his application, petitioner attached a copy of the amended petition that was then, and is currently, pending before this court. *See Bryant Appeal*, Dkt. No. 5 at Attachment.[8]

The Attorney General opposed petitioner's Second Circuit application. *See Bryant Appeal*, Dkt. No. 9. The Attorney General argued that the petition pending before this court should be considered a second or successive application. *See Bryant Appeal*, Dkt. No. 9. In addition, he asserted that the grounds on which petitioner was relying to support his successive application (ineffective assistance of counsel and equitable tolling) did not meet the requirements of the AEDPA for filing a second or successive habeas petition. *See Bryant Appeal*, Dkt. No. 9.

On April 14, 2004, the Second Circuit issued a mandate denying petitioner's application for leave to file a successive habeas corpus petition. (Dkt. No. 12). The Second Circuit found that petitioner's claims did not meet the criteria set forth in the AEDPA for presenting a second or successive habeas corpus application. (Dkt. No. 12)(citing 28 U.S.C. § 2244(b)(1)-(2)).

---

[8] Based on the following facts, it is clear to the court that in filing his November 18, 2003 leave application, petitioner intended to seek authorization from the Second Circuit to maintain the second and successive petition currently pending before this court: (1) petitioner submitted his application for leave to file a second habeas petition only after respondent noted his failure to do so in this case; (2) in his leave application, petitioner argued that ineffective assistance of counsel and equitable tolling form the grounds for his second petition, and these same grounds are the basis for the present petition; and (3) petitioner submitted a copy of the present petition in support of his leave application to the Second Circuit.

**2.     Second or Successive Petition**

Given that this is the *second* petition filed in this court by petitioner regarding his convictions and sentencing by the Washington County Court, the court must examine both the AEDPA and the Second Circuit mandate relevant to this case for guidance.

The AEDPA requires individuals seeking to file a second or successive habeas corpus petition to obtain leave of the appropriate Court of Appeals for an order ***authorizing*** the district court to consider the second or successive application. *See* 28 U.S.C. § 2244(b)(3)(A). 28 U.S.C. § 2244(b)(3) provides, in relevant part, as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application; (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

28 U.S.C. § 2244(b)(3)(A)-(B). It is well-settled that a district court has ***no jurisdiction*** to decide a second or successive habeas petition on the merits without authority from the Court of Appeals. *See Torres v. Senkowski*, 316 F.3d 147, 149-52 (2d Cir. 2003)("[T]he authorization requirement [for second or successive habeas petitions] is jurisdictional and therefore cannot be waived.").[9]  "From the district

---

[9] In *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996), the Second Circuit discussed the procedure to be followed where a second or successive application is filed by a state prisoner unaccompanied by the required § 2244(b)(3) authorization.  The circuit held that the district court should transfer uncertified successive petitions to the Second Circuit pursuant to 28 U.S.C. § 1631,

court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. . . . A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals." *Id.* at 152 (quotations omitted)(citations omitted).

In this case, petitioner filed a previous petition pursuant to 28 U.S.C. § 2254, which was adjudicated on the merits in *Bryant I*.[10] Thereafter, petitioner filed a second habeas petition in this court, and the Second Circuit denied petitioner's motion for leave to file this petition. (Dkt. No. 12). Petitioner should never have been allowed to proceed in this court with the current petition. Certainly this petition is untimely, and this court has ***no jurisdiction*** to consider whether petitioner's first petition, dismissed by this court and by the Second Circuit on appeal, was timely. In the absence of authorization from the Second Circuit, this court lacks jurisdiction to decide this successive section 2254 petition on its merits. *See Torres*, 316 F.3d at 152.

The AEDPA "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications", and "'reaching the

---

which authorizes transfer to cure want of jurisdiction. *Liriano*, 95 F.3d at 121-23; *see also Torres*, 316 F.3d at 151-52.

[10] As mentioned above, *Bryant I* was dismissed as untimely under the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1)-(2). "[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005).

9

merits of an uncertified second or successive . . . petition impermissibly circumvents the [AEDPA].'" *Id.* at 151 (quoting *Corrao v. United States*, 152 F.3d 188, 190-91 (2d Cir. 1998)). The Second Circuit mandate rejecting petitioner's request to bring his second or successive petition is **binding on this court**. *See Briggs v. Pennsylvania R.Co.*, 334 U.S. 304, 306 (1948)("[T]his Court consistently [has] held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court."). *See also New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 606 (2d Cir. 2003); *In re Ivan F. Boesky Securities Litig.*, 957 F.2d 65, 69 (2d Cir. 1992). Thus, this court lacks any jurisdiction to examine the petition on its merits, and the petition may be denied and dismissed in its entirety.

The court would point out that the Second Circuit **denied** petitioner's request to file a second petition in this court because the successive petition did "not meet the criteria set forth in 28 U.S.C. § 2244(b)(1)-(2)".[11] (Dkt. No. 12). Petitioner

---

[11] "[The] AEDPA imposes 'stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus.'" *Torres*, 316 F.3d at 150 (quoting *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998) (per curiam)). Specifically, 28 U.S.C. § 2244(b) mandates that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). The gatekeeping provisions of the AEDPA also require that a new claim presented in a second or successive habeas application must be dismissed unless 'the claim relies on a new rule of constitutional law, made retroactive . . . by the Supreme Court' or presents facts that 'could not have been discovered previously' and tend to show actual innocence." *Id.* (quoting 28 U.S.C. § 2244(b)(2)(A)-(B)). When a claim presented in a second or successive habeas corpus application does not meet the criteria of 28 U.S.C. § 2244(b)(1)-(2), the claim "shall be dismissed" pursuant to the statute. *See* 28 U.S.C. § 2244(b)(1)-(2).

10

previously had presented his claims of ineffective assistance of counsel in *Bryant I*. In addition, the court notes that petitioner appealed the decision in *Bryant I* to the Second Circuit. *Bryant I*, (Dkt. No. 16). The Second Circuit ultimately denied the appeal as untimely. *Bryant I* (Dkt. No. 23).

In this case, petitioner made his equitable tolling argument to the Second Circuit, and the court clearly rejected petitioner's claims. Petitioner should never have been allowed to file this action without approval from the Second Circuit, and now since the Second Circuit has specifically denied petitioner's application to file a second or successive petition, he cannot pursue his action for habeas relief in this court. *See* 28 U.S.C. § 2244(b)(3)(A). In accordance with the AEDPA and the Second Circuit's mandate in this case, petitioner's claims should be dismissed.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED** and **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 15, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge